IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NASIM ALI IRSAN and KHALED ABDELRAHMAN AZZEH, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. H-19-2210 |
| FNU NAVARRO, | § § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Nasim Ali Irsan and Khaled Abdelrahman Azzeh, pretrial detainees in custody of the Harris County Sheriff's Office ("HCSO"), jointly filed this section 1983 civil lawsuit against HCSO detention officer FNU Navarro. Plaintiffs are proceeding *pro se* and *in forma pauperis*.

Having screened the complaint as required by section 1915, the Court **DISMISSES** this lawsuit for failure to raise a viable claim for relief under section 1983.

### I. BACKGROUND AND CLAIMS

Plaintiffs allege in their complaint that, on June 4, 2019, at the Harris County Jail, HCSO detention officer FNU Navarro removed her utility belt and threatened them. Plaintiff Azzeh claims that Navarro struck him, causing him to spill coffee from the cup he was drinking and scald his hand. He states that he did not seek medical attention for fear of

retaliation. Navarro did not strike plaintiff Irsan, and Irsan does not allege that he sustained any physical injuries during the incident.

Plaintiffs Irsan and Azzeh seek $50,000.00 and $100,000.00 in monetary damages, respectively.

## II. ANALYSIS

Because plaintiffs are in custody and are proceeding *in forma pauperis*, the Court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiffs sue Navarro in her official capacity, and allege that she is employed by the HCSO. A suit against a municipal employee in his or her official capacity is a suit against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Consequently, plaintiffs' claims against Navarro in her official capacity are claims against Harris County.

A municipality such as Harris County may be liable under section 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978). It is well settled that a municipality cannot be liable under a theory of *respondeat superior* for the actions of its employees. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Monell*, 436 U.S. at 694; *see also Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010).

To establish municipal liability in this case, plaintiffs must plead "facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *Groden v. City of Dallas*, 825 F.3d 280 (5th Cir. 2016). Plaintiffs plead no such factual allegations, and no viable claim is raised against Navarro in her official capacity for purposes of section 1983. Plaintiffs' claims against Navarro in her official capacity must be dismissed for failure to raise a viable claim for relief.

### III. CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief can be granted under section 1983. Any and all pending motions are **DENIED AS MOOT.**

The dismissal of this lawsuit constitutes a "strike" against Nasim Ali Irsan and Khaled Abdelrahman Azzeh for purposes of section 1915(g).

The Clerk is to provide copies of this Memorandum Opinion and Order and the Final Judgment to plaintiffs and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 24th day of June, 2019.

                                              KEITH P. ELLISON
                                              UNITED STATES DISTRICT JUDGE